### Frank Williams v. The State.

*No. 1039.     Decided March 25th, 1896.*

**Presumption of Innocence—Charge as to.**

 A charge of court which instructed the jury, that, "the defendant is presumed to be innocent until his guilt is established by the evidence beyond a reasonable doubt," is not defective for omitting to use the statutory word "legal" before the word "evidence." [New Code Crim. Proc., Art. 765.] Following, McDade v. State, 27 Tex. Crim. App., 642.

Appeal from the Criminal District Court of Harris. Tried below before Hon. E. D. Cavin.

The indictment charged appellant with rape upon one Charlotte Carter, in Harris County, on the 23rd day of July, 1895. This appeal is from a conviction for said offense, the punishment being assessed at a life term imprisonment in the penitentiary.

There is no statement of facts in the record.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of rape, his punishment being assessed at a life term in the penitentiary. The evidence is not before us, hence we cannot revise the error assigned that the verdict is not supported by the evidence. The court charged the jury, that "the defendant is presumed to be innocent until his guilt is established by the evidence beyond a reasonable doubt." On motion for new trial, error was urged, because the word "legal," as used in the statute, was omitted before the word "evidence." No exception was reserved; but, if it had been, it is not perceived how the omission of the word "legal" in this connection could have misled the jury, or in any manner have prejudiced appellant's rights. This question was decided adversely to appellant's contention in McDade's case, 27 Tex. Crim. App., 642; and that, in face of an exception duly reserved in that case. The judgment is affirmed.

*Affirmed.*